IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDRE ECHOLS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civil No. 15-0893-CV-W-ODS |
| ) | Crim. No. 09-00209-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ORDER GRANTING JOINT EMERGENCY MOTION TO
CORRECT SENTENCE UNDER 28 U.S.C § 2255

Pending is the parties' Joint Emergency Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #1. Movant seeks to be resentenced pursuant to the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional. The Government concedes Petitioner is entitled to post-conviction relief, and the parties agree that Movant, who was sentenced to 180 months' imprisonment and five years of supervised release, should be resentenced to 96 months' imprisonment and three years of supervised release. For the reasons set forth below, the Court accepts the Government's concession, grants the motion, vacates movant's sentence, and resentences Movant to 96 months' imprisonment and three years of supervised release.

**I. BACKGROUND**

Movant pleaded guilty to one count of being a felon in possession of a firearm. "In general, the law punishes [this crime] by up to 10 years' imprisonment. But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555 (citing 18 U.S.C. § 922(g)). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or

extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B). The italicized portion of the definition constitutes the "residual clause."

At sentencing, the Court found that Movant had one conviction of robbery in the first degree, one conviction of domestic assault in the first degree, and one conviction of rape. Movant had three prior convictions, and consistent with Eighth Circuit precedent, the Presentence Investigation Report ("PSR") concluded these convictions were crimes of violence. Movant was sentenced to a term of 180 months' imprisonment with five years of supervised release.

In reliance on *Johnson*, Movant seeks relief under 28 U.S.C. § 2255, and asks the Court to vacate his previous sentence of 180 months' imprisonment and five years of supervised release and resentence him without application of the ACCA. The Government joins in Movant's motion.

## II. DISCUSSION

*Johnson*'s holding that the residual clause is unconstitutional eliminated the Court's stated basis for applying the residual clause. The question is whether *Johnson* is a new rule of constitutional law that applies retroactively to cases on collateral review. The Eighth Circuit has not addressed this specific issue,[1] and the Courts of Appeal that have addressed the issue are split. *Compare Price v. U.S.*, 795 F.3d 731 (7th Cir. 2015) (finding *Johnson* to be retroactive) *and Pakala v. U.S.*, 804 F.3d 139 (1st Cir. 2015) (same) *with In re Rivero*, 797 F.3d 986 (11th Cir. 2015) (holding *Johnson* is not retroactive) *and In re Gieswein*, 802 F.3d 1143 (10th Cir. 2015) (same).

The Seventh Circuit concluded that "[i]n deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited a certain category of punishment

---

[1] Recently, the Eighth Circuit, based upon the government's concession that *Johnson* applied retroactively, authorized an individual to file a successive section 2255 petition wherein he argued the Supreme Court established a new rule made retroactive when it held in *Johnson* that the residual clause of the ACCA is unconstitutional. *Woods v. U.S.*, Case No. 15-3531, 2015 WL 7351939, at * 2 (8th Cir. Nov. 5, 2015). The Court, however, did not decide whether *Johnson* applies retroactively. *Id.*; *see also Menteer v. U.S.*, Case No. 15-3550, 2015 WL 7783653, at * 1 (8th Cir. Dec. 3, 2015).

2

for a class of defendants because of their status. A defendant who was sentenced under the residual clause necessarily bears a significant risk of facing a punishment that the law cannot impose upon him. There is no escaping the logical conclusion that the Court itself made *Johnson* categorically retroactive to cases on collateral review." *Price*, 795 F.3d at 734. The Court believes the Seventh Circuit's analysis supporting this conclusion, *see id.* at 732-34, is more persuasive than the Tenth and Eleventh Circuits' decisions. In light of the Government's concession that "*Johnson* represents a new substantive rule of constitutional that should be applied to defendants sentenced under ACCA" (Doc. #1, at 2), there is no need for an extended discussion. Based upon the agreement of the parties, the Court elects to follow *Price* and concludes Movant benefits from the Supreme Court's decision in *Johnson*.

Movant's prior convictions used to establish he was an Armed Career Criminal for sentencing purposes were robbery in the first degree, domestic assault in the first degree, and rape. Doc. #1, at 1. At sentencing, Movant's conviction for rape was considered a "violent felony" under the so-called "residual clause" of the ACCA, which defined "violent felony" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The parties now ask the Court to resentence Movant because his rape conviction, which they agree is now considered statutory rape,[2] does not qualify as a "violent felony" because it falls within the unconstitutionally vague residual clause of the ACCA.

The Court first finds that the motion for relief under 28 U.S.C. § 2255 is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3). The Court further finds, without objection from the parties, that Movant's prior conviction of statutory rape no longer qualifies as a "violent felony" under the ACCA. The Court concludes that without the prior conviction for statutory rape, Movant does not have the three necessary predicate convictions to qualify him for sentencing under the ACCA.

---

[2] In 1991, when Movant was convicted of this crime, Missouri did not have a statutory rape statute. The parties agree that Movant was convicted for "sexual intercourse with another person…who is less than fourteen years old." Doc. #1, at 1-2, n.1 (citing Mo. Rev. Stat. § 566.030 (1991)).

Based on the above findings, the Court concludes Movant's currently imposed sentence of 180 months' imprisonment with five years of supervised release must be reduced. The Court further finds that Movant's written waiver of his right to personally appear for resentencing (Doc. #1-1) was executed knowingly and voluntarily, and the Court is authorized to resentence Movant without further delay and without his personal appearance. *See* Fed. R. Crim. P. 43(c)(1)(B) (permitting a defendant to waive his right to be present at sentencing in a noncapital case by being "voluntarily absent").

The Court further finds, based upon the agreement of the parties, Movant should be resentenced to a term of 96 months' imprisonment, and directs that an amended judgment to that effect be entered in Case No. 09-00209-01-CR-W-ODS, substituting 96 months as the term of imprisonment to replace the previously imposed 180-month imprisonment term, and substituting a three-year term of supervised release to replace the five years previously imposed, and retaining all the previously imposed conditions of release.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby grants the parties' Joint Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. # 1), vacates Movant's previous sentence, and orders Movant to be sentenced to 96 months' imprisonment with a period of three years supervised release to follow.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 9, 2015   UNITED STATES DISTRICT COURT